STATE OF NEBRASKA, APPELLEE, V. VERN S. KRIMMEL,
APPELLANT.

346 N.W.2d 396

Filed March 23, 1984. No. 83-342.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant, Vern S. Krimmel, appeals from his conviction for first degree murder and sentence to life imprisonment. On appeal Krimmel contends that there was insufficient evidence to support the conviction and that the court erred in admitting certain photographs.

The body of the victim, Louis Garland, was found in the bathtub at his residence on November 5, 1982, by his brother, Charles Garland. The victim had

approximately 25 stab wounds and lacerations on his neck and back. Following an investigation, the police arrested Krimmel, who had performed various "odd jobs" for the victim. Krimmel admits that he killed the victim.

Krimmel was charged with purposely killing Garland "with deliberate and premeditated malice or during the perpetration of a robbery." The evidence shows that on November 3, 1982, Krimmel told Charlotte Zogg, a friend of his, that he was going to collect a debt from "some guy" on the following day. At about 8 p.m. that evening Krimmel called the victim from Zogg's apartment and made arrangements to visit the victim the next day. Before he left Zogg's apartment, Krimmel asked Zogg if she had a knife. He selected a small paring knife from her set of kitchen knives.

Krimmel went to Garland's home on November 4, 1982, and requested that Garland pay the money he owed Krimmel. The victim gave Krimmel $5. Krimmel testified that Garland "was trying to cheat me out of my money that he owed me," and Krimmel became enraged. Krimmel admitted that he then took the knife and stabbed Garland to death.

Krimmel left the scene and went to Zogg's apartment. His clothes were bloodstained. He had the victim's billfold and other personal items with him. At the time the body was discovered, the pockets of the victim's pants were found turned inside out.

The evidence was sufficient to support a finding of guilty of first degree murder beyond a reasonable doubt. The statute under which defendant was charged provides: "A person commits murder in the first degree if he kills another person (1) purposely and with deliberate and premeditated malice . . . ." Neb. Rev. Stat. § 28-303(1) (Reissue 1979).

There is no dispute that Krimmel killed the victim. In order to prove the requisite mental state, deliberate and premeditated malice, the State was

required to show a condition of the mind which was manifested by intentionally doing a wrongful act without just cause or excuse and which is defined as any willful or corrupt intention of the mind. *State v. Lamb*, 213 Neb. 498, 330 N.W.2d 462 (1983); *State v. Johnson*, 200 Neb. 760, 266 N.W.2d 193 (1978). In the present case the uncontroverted evidence shows that Krimmel made arrangements to see the victim to collect a debt. Before going to the victim's house Krimmel selected a knife, which he brought with him. When the victim did not pay Krimmel enough money, Krimmel stabbed and killed him. This evidence is sufficient to support the verdict on the theory of a deliberate and premeditated killing, as it establishes the requisite mental state.

Moreover, the evidence is sufficient to establish that Krimmel killed the victim while in the perpetration of a robbery. Krimmel went to the victim's house seeking payment and became enraged when he did not receive all of the money he felt he was entitled to. When the victim was found, his pants pockets had been turned inside out and his billfold had been taken by Krimmel. This evidence is sufficient to support the verdict on the theory of felony murder. See *State v. Montgomery*, 191 Neb. 470, 215 N.W.2d 881 (1974).

Defendant next assigns as error the admission into evidence of five photographs. These photographs show the position of the victim in the tub when he was found, the wounds suffered by the victim, and the blood in the bathroom. In a homicide case photographs of the victim are admissible, even if gruesome, if a proper foundation is laid and they are received for purposes of identification, to show the nature and extent of the wounds, and to establish malice or intent. *State v. Lamb, supra*; *State v. Rowe*, 210 Neb. 419, 315 N.W.2d 250 (1982). The few photographs admitted in this case were not particularly gruesome and were admitted into evidence in compliance with the requirements set forth above.

There being no error, the judgment is affirmed.

AFFIRMED.