**Gary KEITHLEY, Appellant,**

v.

**Frank X. HOPKINS, Appellee.**

No. 94–1553.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1994.

Decided Jan. 4, 1995.

Rehearing Denied Feb. 2, 1995.

Steven M. Curry, Central City, NE, argued, for appellant.

Delores Coe–Barbee, Lincoln, NE, argued, for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

In 1984, Gary Keithley was convicted, upon trial to the court, of first degree sexual assault against his fourteen-year-old daughter, and was sentenced to fifteen to twenty-five years imprisonment. His conviction and sentence were affirmed on appeal. *State v. Keithley,* 218 Neb. 707, 358 N.W.2d 761 (1984) (*Keithley I* ). His pro se petition for state post-conviction relief was denied. The Nebraska Supreme Court affirmed. *State v. Keithley,* 238 Neb. 966, 473 N.W.2d 129 (1991) (*Keithley II* ). He filed a 28 U.S.C. § 2254 petition for habeas corpus in the District Court,[1] which held that Keithley's § 2254 claims were procedurally barred and that he had failed to overcome the default. He now appeals the order denying habeas relief.

■ Keithley raises four issues on appeal. He contends that his due process and equal protection rights were violated because he was charged with first degree sexual assault instead of incest, which carries a lesser maximum sentence, and because the trial court refused to grant a continuance when Keithley switched retained counsel just before trial. Neither of these issues was raised in state court, so they are procedurally defaulted. *See Coleman v. Thompson,* 501 U.S. 722, 731–32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991).

■ Keithley also claims his due process and equal protection rights were violated because the prosecutor failed to provide "material reports." These reports are not a part of the record and are not even known to exist. In the appeal from the state postconviction proceedings, the Nebraska Supreme Court declined to address the issue, as Keithley had failed to raise it on direct appeal. *Keithley II,* 473 N.W.2d at 132. Keithley's failure to take advantage of the state court remedy available to him at the appropriate stage of the proceedings results in the procedural default of this claim. *See Coleman,* 501 U.S. at 731–32, 111 S.Ct. at 2555.

■ Finally Keithley claims he was denied effective assistance of counsel at trial, on direct appeal, and in his post-conviction proceedings in state court, in violation of his due process, equal protection, Sixth Amendment, and First Amendment rights. In addition to alleged errors of trial and appellate counsel, Keithley claims his constitutional rights were violated because the court did not appoint counsel for him in the state post-conviction proceeding.[2] Although Keithley presented ineffective assistance claims in the state courts, he did not allege any violation of the United States Constitution or federal law. The District Court therefore held that the constitutional claim was not fairly presented to the state courts with Keithley's mere assertion of "error," and we agree. "A petitioner must present '*both* the *factual and legal* premises' of his claims to the state courts in order to preserve them for federal habeas review." *Flieger v. Delo,* 16 F.3d 878, 884 (8th Cir.) (quoting *Cox v. Lockhart,* 970 F.2d 448, 454 (8th Cir.1992)), *cert. denied,* —— U.S. ——, 115 S.Ct. 355, 130

1. The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the Report and Recommendation of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

2. There is no constitutional right to counsel in state post-conviction proceedings. *Pollard v. Delo,* 28 F.3d 887, 888 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 518, 130 L.Ed.2d 423 (1994).

L.Ed.2d 309 (1994). Keithley's ineffective assistance claim also is procedurally defaulted.

 Keithley's brief does not address the District Court's conclusions of procedural bar, apparently accepting them. *See, e.g .,* Brief of Appellant at 31 ("The defendant is further procedurally barred from obtaining federal relief [on his ineffective assistance claims]."). Even though the District Court based its rejection of Keithley's petition on his failure to overcome his procedural defaults in the state courts, Keithley does not discuss this issue either. Instead, Keithley's brief focuses on the merits of his claims, with no discussion as to how or why he can overcome the procedural default. That is, he does not address the court's conclusion that he has not demonstrated cause for his defaults and prejudice from the alleged violations of the Constitution, nor has he shown a fundamental miscarriage of justice to excuse the procedural default. *See Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565. Even generously construing Keithley's arguments on the merits as an attempted demonstration of cause and prejudice, we conclude that the District Court was correct in holding that none was shown. Further, Keithley has not even attempted to show by clear and convincing evidence that he is actually innocent of the crime charged. *See Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992); *McCoy v. Lockhart,* 969 F.2d 649, 651 (8th Cir.1992) (applying *Sawyer* standard to challenged convictions, where *Sawyer* had applied it to challenges to imposition of death penalty). Moreover, Keithley has not made the appropriate showing even under the easier standard of *Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986) (plurality opinion) ("colorable claim of factual innocence"). Thus he cannot claim a fundamental miscarriage of justice as a reason for overturning the District Court's refusal to consider his claims on the merits.

The judgment of the District Court is affirmed.