Gregory **FOREST**, Appellant,

v.

Paul K. **DELO**, Appellee.

No. 94–2608.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1995.

Decided March 28, 1995.

Rehearing Denied May 4, 1995.

Daniel V. Conlisk, St. Louis, MO, argued (James Dankenbring, on the brief), for appellant.

Frank Jung, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Gregory Forest, a Missouri state prisoner, petitions for a writ of habeas corpus under 28 U.S.C. § 2254 (1988), claiming that he was coerced into pleading guilty in violation of his Fifth and Sixth Amendment rights and that he did not receive the effective assistance of

counsel required by the Sixth Amendment. The District Court[1] denied the petition, and Forest timely appeals. We affirm.

## I.

In January 1989 Forest was arrested and charged in a state court with a string of robberies and attempted robberies committed in St. Louis between January 9 and 13, 1989. Assistant Public Defender Andrew Hernandez was appointed to represent Forest, and Hernandez filed discovery and disclosure requests on Forest's behalf. Hernandez later filed a notice of alibi and a request for discovery of alibi rebuttal evidence. The notice identified Loretta Harris[2] as the alibi witness and stated that she would testify that Forest was with her at her address during the times of the robberies and attempted robberies with which Forest had been charged. Hernandez later filed a motion to suppress the identifications of Forest made by the state's witnesses and a motion to suppress a statement Forest made to police officers immediately after his arrest.

Forest's trial was scheduled to begin on May 9, 1989, and was continued first to July 10 and then to July 31, 1989. On July 21, 1989, Assistant Public Defender Gloria Reno replaced Hernandez as Forest's attorney. Four days later, Reno obtained a further continuance, and the trial was rescheduled for September 25, 1989. On September 12, Reno moved for another continuance to permit her to depose the state's witnesses and investigate other potential witnesses. The trial was rescheduled for October 23. Reno's third motion for a continuance was denied on October 10.

On October 23, 1989, Forest pled guilty to and was convicted of three counts of first-degree robbery, three counts of attempted second-degree robbery, and one count of second-degree robbery. Prior to pleading guilty, however, Forest expressed dissatisfaction with Reno's performance and stated that he was pleading guilty only to avoid a life sentence, which he believed would be the end result of going to trial because his attorney had not prepared a defense. Reno said that she was prepared to go forward that day with a hearing on the suppression motions filed by Hernandez. Reno also stated that she had contacted Forest's alibi witness but that the witness did not want to testify on Forest's behalf. The trial judge told Forest, "either you're guilty of these offenses or you're not. If not, I'll bring the jury down and we'll start trying these cases." First Plea Hearing Transcript at 6. Forest again stated that he wanted to plead guilty but only because, in his opinion, his lawyer was not prepared to go to trial; he claimed that he was not guilty of the offenses charged. When the trial judge realized that the impasse could not be resolved, he took a recess to discuss the situation with counsel in chambers. Returning to open court after only a few minutes, the trial judge began a new plea hearing. In this second hearing, Forest stated that he was not being coerced into pleading guilty and admitted the facts that formed the basis of the charges against him. The court sentenced Forest to four thirty-year and two fifteen-year prison terms, all to be served concurrently, and then proceeded to determine whether there were any deficiencies in Forest's representation. Forest stated that he was satisfied with his representation by both Hernandez and Reno as well as the assistance rendered by an investigator from the public defender's office.

In 1990, Forest filed a pro se motion and, with the assistance of counsel, an amended motion seeking post-conviction relief in state court pursuant to Missouri Supreme Court Rule 24.035 (1989). In the pro se motion, Forest claimed that his guilty plea was involuntary, unintelligent, and coerced by his attorney. In his amended motion, Forest claimed that he was denied effective assistance of counsel. To prepare for the post-conviction proceedings, Forest requested the

---

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

2. The notice actually identifies the alibi witness as "Lovetta Harris," but all subsequent references to the witness identify her as Loretta Harris.

transcript of his plea and sentencing hearing. Initially, Forest was provided with only the transcript of the second plea hearing. The transcript of the first, aborted plea hearing was filed in the circuit court on June 7, 1990. On June 18, 1990, the circuit court denied Forest's Rule 24.035 motion without a hearing. The Missouri Court of Appeals affirmed. *Forest v. State,* 810 S.W.2d 518 (Mo. App.E.D.1991).

Forest filed this petition for a writ of habeas corpus in August 1991. He raised three grounds for relief, claiming (1) that he was denied effective assistance of counsel because his second appointed attorney (a) failed or refused to investigate a defense of misidentification, (b) failed to contact or subpoena an alibi witness, (c) failed to file a motion to suppress a statement Forest made to police investigators, and (d) failed or refused to depose the state's witnesses; (2) that the state trial court judge coerced him into pleading guilty; and (3) that the Missouri post-conviction review process is inadequate. The District Court denied Forest's petition without holding an evidentiary hearing. The court held (1) that Forest's ineffective assistance claims were either barred by his procedural defaults or without merit; (2) that Forest's claim of coercion by the state trial judge was defaulted because he did not raise it in his state post-conviction proceedings and had not shown sufficient cause or prejudice to overcome the procedural bar; and (3) that claims of inadequate state post-conviction relief proceedings cannot serve as a basis for federal habeas corpus relief.

On appeal, Forest contends that the District Court erred when it held (1) that his coercion claim was defaulted or, alternatively, that he had not shown cause for his default and prejudice from the coercion; and (2) that his ineffective assistance claims were either defaulted or without merit. We address each of these arguments in turn.

## II.

■ Forest contends that the claim that his guilty plea was coerced by the state trial judge is not barred because he raised it in state court when he alleged that his guilty plea was involuntary and coerced by his at- torney. Forest, however, did not submit that the state trial judge coerced his guilty plea until he appealed the denial of his Rule 24.035 to the Missouri Court of Appeals, which held that the claim was barred because it was not raised in the trial court. Forest contends that the addition of judicial coercion was only a "minor reformulation" of his claim regarding coercion by his attorney. We disagree.

■ In his motions for post-conviction relief in state court, Forest alleged that his attorney, Gloria Reno, had coerced his guilty plea. None of Forest's pleadings even hint that his plea might also have been due to the trial judge's coercion. A state prisoner seeking a writ of habeas corpus from a federal court must first fairly present his claims to the state courts in order to meet the exhaustion requirement of 28 U.S.C. § 2254(b). *Vasquez v. Hillery,* 474 U.S. 254, 257, 106 S.Ct. 617, 620, 88 L.Ed.2d 598 (1986). This Court has held that a claim has not been fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas petition have been properly raised in the prisoner's state court proceedings. *See Keithley v. Hopkins,* 43 F.3d 1216, 1217 (8th Cir.1995); *Flieger v. Delo,* 16 F.3d 878, 884 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 355, 130 L.Ed.2d 309 (1994). Forest failed to raise his judicial coercion claim in either of his motions for post-conviction relief in state court. He thereby incurred a procedural bar as a matter of state law and has defaulted the claim for purposes of federal habeas relief. *Coleman v. Thompson,* 501 U.S. 722, 731–32, 111 S.Ct. 2546, 2554–55, 115 L.Ed.2d 640 (1991); *Keithley,* 43 F.3d at 1217.

■ Despite the procedural default, Forest would be entitled to federal habeas review of his claim if he could show cause for his default and actual prejudice from the alleged constitutional violations or if he could demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750, 111 S.Ct. at 2564–65; *Keithley,* 43 F.3d at 1218. Forest argues that the state trial court's delay in providing him with a copy of the transcript

from the initial, aborted plea hearing is sufficient cause for his failure to raise judicial coercion in his Rule 24.035 motion. As Forest's brief notes, however, "[c]ause is established 'where the factual basis for [a] claim was not reasonably available to counsel.'" Appellant's Brief at 16 (quoting *Clanton v. Muncy*, 845 F.2d 1238, 1241 (4th Cir.), *cert. denied*, 485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988) (other citations omitted)). The magistrate judge concluded that Forest and his memory of the plea hearings were reasonably available to his attorney during the Rule 24.035 proceedings and held that the "petitioner did not need a transcript to know whether [or by whom] he was coerced into pleading guilty." *Forest v. Delo*, No. 91–1810 C(8), Report & Rec. at 14 (E.D.M.O. Sept. 13, 1993). We agree.

Forest argues that the magistrate judge's decision is erroneous because it is unfair to require him to remember what occurred during the less-than-twenty-minute plea hearing in which the only issue was whether Forest would plead guilty or go to trial. In *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the Supreme Court held that the government "must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Id.* at 227, 92 S.Ct. at 433. Even assuming that this constitutional principle applies to post-conviction relief proceedings, *Britt*, and the other cases Forest relies on his brief, are factually distinguishable. Those cases involved claims of trial court error requiring counsel to review lengthy trial transcripts to identify the various issues that could be raised on appeal. The Court in *Britt* noted its rejection of "the suggestion that in order to render effective assistance, counsel must have a perfect memory or keep exhaustive notes of the testimony given *at trial.*" *Id.* at 229, 92 S.Ct. at 434 (emphasis added). Continuing in a footnote, the Court stated that "[a]s for requiring a prisoner to rely on his memory, this Court rejected that as an alternative to a transcript in *Gardner* [*v. California*, 393 U.S. 367, 369–70, (1969),] and *Williams* [*v. Oklahoma City*, 395 U.S. 458, 459 (1969)]." *Britt*, 404 U.S. at 229 n. 4, 92 S.Ct. at 435 n. 4. The petitioner in *Gardner*

needed the transcript of an evidentiary hearing in a post-conviction relief proceeding while the appellant in *Williams* sought the transcript of his trial on a drunk driving charge. The instant case, however, involves only a twenty-minute plea hearing. It is not unfair or unreasonable to require Forest to rely on his memory of this brief courtroom proceeding and to attribute to him the ability to recall an inherently memorable event, if in fact it occurred, *i.e.*, that the trial judge coerced him into pleading guilty. In these circumstances the delay in providing the transcript of the initial plea hearing does not constitute cause to excuse Forest's procedural default.

We note that *Britt* requires a court to provide an indigent defendant with a transcript of proceedings only "when that transcript is needed for an effective defense or appeal." *Id.* at 227, 92 S.Ct. at 433. In cases addressing the issue in this case, *i.e.*, whether failure to provide a transcript constitutes cause sufficient to excuse a procedural default, this Court has held that the unavailability of trial transcripts does not constitute sufficient cause if the defaulted claim could have been raised without a copy of the trial transcript, *see Bell v. Lockhart*, 2 F.3d 293, 298 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1229, 127 L.Ed.2d 574 (1994), or if the prisoner failed to show that the issues on appeal are nonfrivolous and that the transcript is required to decide the issues, *Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir.1989), *cert. denied*, 493 U.S. 1028, 110 S.Ct. 739, 107 L.Ed.2d 757 (1990). Our decisions in *Bell* and *Smith* are consistent with *Britt* and with Supreme Court precedent in the context of federal habeas review of state court convictions. The Court has held that, when determining whether a petitioner has demonstrated sufficient cause to excuse a procedural default, the relevant question is "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim." *McCleskey v. Zant*, 499 U.S. 467, 498, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). As in *Bell*, the factual basis for Forest's claim of judicial coercion was reasonably available to counsel in this case through sources other

than the plea hearing transcript. Forest was present at the short plea hearing in which the trial judge told Forest to either plead guilty or go to trial. He clearly possessed a sufficient basis to raise his claim of judicial coercion in his Rule 24.035 motions in state court. We therefore cannot say that the delay in providing the transcript amounts to cause sufficient to excuse Forest's procedural default. Because Forest has failed to show cause for his default, we need not address whether Forest was actually prejudiced by the alleged coercion of the trial judge. We hold, as did the District Court, that Forest's claim that the trial judge coerced Forest's guilty plea is procedurally barred.

### III.

Forest also argues that he did not receive effective assistance of counsel because his attorneys (a) failed or refused to investigate a defense of misidentification, (b) failed to contact or subpoena an alibi witness, (c) failed to file a motion to suppress a statement Forest made to police investigators, and (d) failed or refused to depose the state's witnesses. The District Court held that all of Forest's ineffective assistance claims either were barred by a procedural default in state court or were without merit. We agree with the District Court.

■ Whether the record of the state court proceedings provides a basis for federal habeas relief is a question of law. We review a district court's legal conclusions *de novo*. *Hagan v. Caspari*, 50 F.3d 542, 545–46 (8th Cir.1995). The findings of fact of a state court are entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(d) (1988). *O'Neal v. Delo*, 44 F.3d 655, 659 (8th Cir.1995).

■ Forest's first claim of ineffective assistance is that counsel failed to investigate a misidentification defense. The magistrate judge concluded that this claim was procedurally barred. On appeal Forest only asserts that "[c]learly, there can be little doubt that Forest raised the issue of Reno's lack of preparation in the state court proceedings." Appellant's Brief at 26 n. 9. While this may

be true, we have reviewed Forest's Rule 24.035 motions and cannot find any reference to a failure of counsel to investigate a misidentification defense. The particular factual and legal basis for the claim asserted in a state prisoner's federal habeas petition must have been brought to the attention of the state courts in order to satisfy the exhaustion of state remedies requirement of 28 U.S.C. § 2254(b). *See Keithley,* 43 F.3d at 1217; *Flieger,* 16 F.3d at 884. Thus a general claim of ineffective assistance of counsel put forward in the state courts is insufficient to preserve for federal habeas review a wide variety of unspecified factual premises for the claim. *See Tippitt v. Lockhart,* 903 F.2d 552, 554 (8th Cir.), *cert. denied,* 498 U.S. 922, 111 S.Ct. 301, 112 L.Ed.2d 254 (1990). Forest has defaulted this particular claim by failing to raise it in his Rule 24.035 motions and would be entitled to federal habeas review only if he could show cause for the default and actual prejudice, or if he could show that failure to consider the claim would result in a fundamental miscarriage of justice. *Keithley,* 43 F.3d at 1218. The District Court held that Forest had not shown a legally sufficient cause for his failure to raise this claim in his Rule 24.035 motions, and Forest does not challenge that conclusion in this appeal. Nor does he even attempt to show that failure to consider the claim would result in a fundamental miscarriage of justice. This claim is therefore procedurally barred.

■ We now turn to the ineffective assistance claims that the District Court rejected on the merits. To prevail on these claims, Forest must show that his counsel's performance was deficient as a matter of constitutional law and that Forest was prejudiced by the deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2066. A defendant is prejudiced by deficient performance under *Strickland* if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

at 694, 104 S.Ct. at 2068. In the context of a guilty plea, a defendant must show that, but for counsel's alleged errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985).

■ Forest argues, as he argued in his state court post-conviction relief proceedings, that he was denied effective assistance of counsel because his attorneys failed to contact or subpoena his alibi witness, Loretta Harris. The magistrate judge concluded that Forest had failed to show that counsel's performance fell below an objective standard of reasonableness, the first element of an ineffective assistance of counsel claim. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65. We agree. Hernandez, Forest's first attorney, was aware of the alibi witness because he filed a notice of alibi defense naming Loretta Harris as the alibi witness. At Forest's plea hearing, his second attorney, Reno, stated that she had contacted Loretta Harris. Reno stated that Harris was uncooperative and indicated that she would not testify on Forest's behalf. Forest has produced no evidence contradicting Reno's statement. His claim that counsel failed to contact Harris is thus factually unsupported. As to Forest's claim that counsel should have compelled Harris to testify, Reno's uncontradicted statements at Forest's plea hearing show that Reno had a reasonable basis for not calling Harris. In these circumstances, we cannot say that Reno's decision not to subpoena Harris fell outside the range of professional competence required by the Sixth Amendment.

Forest's next ineffective assistance claim is that his attorneys failed to file a motion to suppress a statement Forest made to police investigators. As the District Court concluded, this claim is factually inaccurate. The record shows that on June 30, 1989, Hernandez filed a motion to suppress Forest's statements to the police, and that Reno brought this motion to the attention of the trial judge at Forest's sentencing hearing. Thus Forest is not entitled to habeas relief on this ground.

■ Finally, Forest argues that he did not receive effective assistance of counsel be-cause his attorneys failed or refused to depose the state's witnesses. Initially, we observe that the record does not establish whether Forest's counsel did or did not depose the state's witnesses. Defense counsel did obtain a continuance for the purpose, *inter alia,* of deposing witnesses. Defense counsel also filed a motion to suppress identification testimony, indicating some knowledge of what one or more of the state's witnesses would say. In addition, Forest has not offered either the District Court or this Court any specifics as to what information his counsel failed to discover from the state's witnesses, *see Schone v. Purkett,* 15 F.3d 785, 789–90 (8th Cir.1994) (stating that prisoner, to demonstrate *Strickland* prejudice, must point to arguments or evidence counsel could have discovered that would have affected decision to plead guilty), nor has he explained how this information would have aided him in resisting the state's charges, *see Iron Wing v. United States,* 34 F.3d 662, 665 (8th Cir. 1994) (holding that even if counsel had performed as petitioner alleged counsel should have, government's case was still as strong and guilty plea was prudent course). We therefore conclude that Forest has failed to demonstrate either deficient performance or any prejudice from counsel's alleged failure. If we look solely at the question of *Strickland* prejudice, on this record we are unable to say there is a reasonable probability that Forest would not have pleaded guilty had his counsel performed a more searching investigation. *See Hill,* 474 U.S. at 58–59, 106 S.Ct. at 370–71. Forest is thus not entitled to relief on this claim.

We conclude that all of Forest's ineffective assistance of counsel claims are either procedurally barred or without merit. These claims therefore afford Forest no basis for habeas relief.

## IV.

For the reasons stated, the judgment of the District Court denying Forest's petition for a writ of habeas corpus is affirmed.