_____

No. 95-3585
_____

Percy E. Cooksey, III,              *
                                    *
        Appellant,                  *
                                    *  Appeal from the United States
    v.                              *  District Court for the
                                    *  Eastern District of Missouri.
Paul K. Delo,                       *
                                    *
        Appellee.                   *


_____

Submitted:  May 17, 1996

Filed:  September 10, 1996
_____

Before BOWMAN, HEANEY, and WOLLMAN, Circuit Judges.
_____

BOWMAN, Circuit Judge.


Percy E. Cooksey III is a Missouri prisoner serving a sentence of life plus sixty years after being convicted by a jury of the unlawful use of a weapon, kidnapping, forcible rape, first degree robbery, and three counts of armed criminal action.  He applied to the District Court[1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994).  The District Court, adopting the report and recommendation of a Magistrate Judge,[2] denied the application.  Cooksey timely appeals, and we affirm.

On February 6, 1987, Cooksey attended a prayer service at the Greater Faith Baptist Church in St. Louis, Missouri.  During a

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

[2]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

prayer circle, Cooksey took out an eighteen-inch knife and held it to the throat of the woman next to him.  After terrorizing the captive audience, Cooksey withdrew to a vacant building where he raped the woman and stole her watch.  Cooksey did not challenge the sufficiency of the evidence when he appealed his convictions in state court.  Missouri v. Cooksey, 787 S.W.2d 324, 325 (Mo. Ct. App. 1990), cert. denied, 498 U.S. 1032 (1991). Cooksey also did not seek post-conviction relief in state court.

In his petition for a writ of habeas corpus, Cooksey advanced the following five claims for relief:  (1) the state trial court violated the Due Process Clause when it denied Cooksey's motion for disclosure of grand jury demographic data, which Cooksey sought in order to challenge the method used to select grand jurors in St. Louis; (2) the state trial court's local rule regarding probation recommendations violates the Due Process Clause and the Sixth Amendment right to a jury trial; (3) the state trial court violated the Due Process Clause when it based a sentence enhancement on a prior void conviction; (4) the state prosecutor violated the Due Process Clause when the prosecutor prevented Cooksey from deposing the principal female victim of his crimes; and (5) the cumulative effect of the foregoing constitutional violations resulted in a denial of both due process and effective assistance of counsel.  On appeal, Cooksey argues that the District Court erred when it rejected his first four claims and, a fortiori, rejected his fifth claim as well.  Only the first issue requires extensive analysis, and we now turn to that issue.

Prior to trial Cooksey filed a motion to dismiss the indictment, alleging that the grand jury had not been selected from a fair cross-section of the community because certain racial groups had been systematically excluded.  See O'Neal v. Delo, 44 F.3d 655, 662 (8th Cir.) (defining constitutional fair cross-section requirements), cert. denied, 116 S. Ct. 129 (1995).  At the same time, Cooksey sought disclosure of demographic data relating to

individuals selected for grand jury service during the last ten years. The state trial court denied the motion for disclosure of demographic information. Before the court ruled on the motion to dismiss the indictment, the state filed a motion to substitute an information for the indictment. Cooksey opposed the state's motion by filing a motion to dismiss and strike the information. The sole basis for his opposition to the filing of the information was that the motion to substitute was untimely.[3] The court granted the state's motion to substitute, and Cooksey was tried on the information. Cooksey did not make any further objection to the information nor did he appeal the trial court's denial of the motion to strike the information.

Under Missouri law, "an information charging the same offense charged in [a defective] indictment may be substituted therefor at any time before the jury is sworn." Mo. Rev. Stat § 545.300 (1994). The decision to substitute an information is within the discretion of the prosecutor, and the court has no power to control that discretion. Missouri ex rel. Lodwick v. Cottey, 497 S.W.2d 873, 880 (Mo. Ct. App. 1973). Additionally, the prosecutor may substitute an information for an indictment even if the court has not issued an order finding the indictment to be defective. Missouri v. Green, 305 S.W.2d 863, 868 (Mo. 1957). Missouri Revised Statutes § 544.250 provides that "a preliminary examination shall in no case be required . . . in any case where an information has been substituted for an indictment as authorized by section 545.300." The Missouri Supreme Court in Green held that this language evinces "a legislative intent that the finding and return of an indictment, as evidence of probable cause, should be and are

---

[3]The motion to strike the information alleges that the information is "contrary to the . . . due process rights of Defendant" but only to the extent that the information was untimely. Missouri v. Cooksey, No. 871-0427, Motion to Dismiss and Strike Information at 1 (Cir. Ct. St. Louis Aug. 1, 1988). No mention is made of any other due process rights.

a sufficient and legal substitute for a preliminary examination." <u>Green</u>, 305 S.W.2d at 868-69. In sum, the substitution of an information in this case appears to conform to Missouri law on the subject, and Cooksey does not challenge his conviction on that basis. The issue Cooksey would have us decide is whether Missouri law comports with the requirements of the Due Process Clause.

In 1884, the Supreme Court handed down its landmark decision in <u>Hurtado v. California</u>, 110 U.S. 516 (1884). The Court held that neither the Fifth Amendment, which provides for the right to an indictment by a grand jury for serious criminal charges brought in federal court, nor the Fourteenth Amendment's Due Process Clause requires states to afford a defendant the right to be tried only upon an indictment by a grand jury. <u>Id.</u> at 521-22. The Court stated that the right to indictment by a grand jury was not essential to preserving "fundamental principles of liberty and justice," <u>id.</u> at 535, or guarding "the substantial interest of the prisoner," <u>id.</u> at 538. Thereafter a number of states abolished the use of grand juries in state criminal cases. <u>See</u> Beale & Bryson, <u>Grand Jury Law & Practice</u> § 1.05 (1986). Nonetheless, the Due Process Clause still requires some form of pretrial screening such as the preliminary hearing available to Hurtado under then-applicable California law. <u>Hurtado</u>, 110 U.S. at 538. Under that procedure, a magistrate was required to conduct a hearing to determine whether there was probable cause to believe that the accused had committed the crime charged. <u>Id.</u> Thus while the Due Process Clause does not require indictment by a grand jury, it clearly requires some pretrial screening of criminal charges. The Court has not reconsidered its holding in <u>Hurtado</u> over the years, <u>see</u>, <u>e.g.</u>, <u>Reed v. Ross</u>, 468 U.S. 1, 16 n.11 (1984), even though it has since recognized that many of the limits placed on the power of the national government by the first ten amendments were made applicable to the states by the Due Process Clause of the Fourteenth Amendment, <u>see</u> <u>Albright v. Oliver</u>, 114 S. Ct. 807, 812-13 (1994).

As noted above, Missouri law does not provide for a preliminary hearing when an information is substituted for an indictment. Nothing in the record indicates (and the state does not claim) that Cooksey was afforded any type of pretrial screening other than the grand jury proceedings that he has challenged at every turn. Cooksey argues that the charges against him were not screened at all and that Missouri law, as applied in his case, violates the Due Process Clause of the Fourteenth Amendment because the indictment, which he alleges was invalid, is not "a sufficient and legal substitute for a preliminary examination," Green, 305 S.W.2d at 868-69. This argument, as we have stated it, may well have merit. We conclude, however, that Cooksey is barred from raising it in his federal habeas corpus proceedings because he failed to raise the issue in the state courts.

"A state prisoner seeking a writ of habeas corpus from a federal court must first fairly present his claims to the state courts in order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)." Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995). When a prisoner fails to fairly present a claim in state court, thereby incurring a procedural bar as a matter of state law, the prisoner "has defaulted the claim for purposes of federal habeas relief." Id. Such issues may nonetheless be reviewed in a federal habeas proceeding if the prisoner can "show cause for his default and actual prejudice from the alleged constitutional violations or if he could demonstrate that failure to review the claim would result in a miscarriage of justice." Id.

The Missouri Court of Appeals held that Cooksey's grand-jury-demographics claim was waived because he failed to lodge a proper objection against the substitute information. Under Missouri law, a defective indictment does not contaminate a subsequent information that is substituted for the indictment without objection from the defendant. Missouri v. Johnson, 504 S.W.2d 23, 26 (Mo. 1973). The court in Johnson reasoned that the defendant

had not been prejudiced because (1) the substitute "information did not charge any additional or different offense" and (2) the defendant did not make any attack on the substitute information itself. Id. at 26-27. In this case the Missouri Court of Appeals relied upon Johnson when it held that the alleged defects in the composition of the grand jury selection process did not affect the validity of the information on which he was tried. Missouri v. Cooksey, 787 S.W.2d at 326.

We agree with the conclusion reached by the Missouri Court of Appeals. Cooksey's objection to the timeliness of the information is not legally significant to this case; in order to fairly present his claim to the state courts he should have objected to the filing of the information on the ground that he was not being afforded the pretrial screening required by the Due Process clause. In essence, Cooksey put the cart before the horse. It would be inappropriate for any court to decide whether the state court should have granted discovery on the demographics of the grand jury before that court decided the constitutionality of the Missouri statutes providing for informations to be substituted for indictments, Mo. Rev. Stat. § 545.300, and providing that, in such cases, the accused is not afforded a preliminary hearing, id. § 544.250. Cooksey can prevail on his grand-jury-demographics claim only if the substitution of an information in the circumstances of this case fails to satisfy the requirements of the Due Process Clause. Cooksey, however, never challenged the procedures provided by state law until he appeared in federal court. The only objection he raised to the information was that it was untimely. On appeal in the state courts, he argued only that the state trial court deprived him of his due process rights when it denied his request for discovery on the demographics of the grand jury that indicted him. Thus the claim that the state trial court denied Cooksey's due process rights by refusing to allow discovery of grand jury demographic data is, as the Missouri Court of Appeals held, procedurally barred as a matter of state law because Cooksey failed to lodge a proper objection to the

information that was substituted for the indictment.  He thus has defaulted the claim for purposes of his federal habeas corpus petition.

Despite the procedural bar and default, Cooksey could obtain federal habeas review of his claim if he were able to show cause for his default and actual prejudice as a result.  Simply put, there is no way that Cooksey could show cause for his failure to raise this issue in state court.  He had the opportunity to oppose the state's motion to substitute an information for the indictment.  In fact, Cooksey took advantage of the opportunity but argued only that the information was untimely.  Similarly, Cooksey cannot show prejudice because he has never argued that the evidence was insufficient to support his convictions.  Clearly the evidence is sufficient to provide probable cause to believe that Cooksey committed the crimes charged, which is all that a grand jury indictment or a preliminary hearing would have established in this case.  While the District Court and the Magistrate Judge did not consider whether Cooksey's claim was barred, this Court may affirm a judgment on any basis supported by the record.  See Phillips v. Marist Soc., 80 F.3d 274, 275 (8th Cir. 1996).  We thus hold that the District Court properly denied habeas relief on Cooksey's claim regarding the state trial court's denial of his motion to disclose grand jury demographic data, though our reasons differ from those of the District Court.  We express no disapproval of those reasons; we simply do not reach them.

We turn now to the other issues that Cooksey has raised in this appeal:  the local rule on probation recommendations, the use of a prior conviction to enhance his sentence, and the prosecutor's alleged role in preventing Cooksey from deposing the woman he had raped.  We have carefully reviewed the Magistrate Judge's report and recommendation as well as the arguments of the parties, and we conclude that the District Court correctly rejected Cooksey's claims.  With respect to these issues, we agree with the reasoning

of District Court as set forth in the report and recommendation that it adopted.

For the foregoing reasons, the judgment of the District Court denying Cooksey's petition for a writ of habeas corpus is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.