# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3608

_____

| | | |
|---|---|---|
| Khelby Calmese, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Michael Bowersox, | * | **[UNPUBLISHED]** |
| | * | |
| Appellee. | * | |

_____

Submitted:  February 27, 2001
Filed:   February 28, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

In 1995, a Missouri jury found Khelby Calmese guilty of second degree murder in the February 1994 stabbing death of Garmar Fisher at a St. Louis McDonald's restaurant.  The trial court sentenced Calmese to life imprisonment, and the Missouri Court of Appeals affirmed his conviction and the denial of post-conviction relief.  See State v. Calmese, 948 S.W.2d 161 (Mo. Ct. App. 1997) (per curiam).

Calmese then filed a 28 U.S.C. § 2254 habeas petition in the district court.[1] The court denied relief, but granted a certificate of appealability (COA) on whether the exclusion of certain defense testimony denied Calmese a fair trial, whether the prosecutor's remarks during closing argument also denied him a fair trial, and whether appellate counsel was ineffective. We affirm.

When claims are adjudicated on the merits in state court--as were Calmese's claims challenging the exclusion of evidence and failure to control closing argument, see Calmese, 948 S.W.2d at 161--a writ of habeas corpus issues only if the state-court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, see 28 U.S.C. § 2254(d)(1); Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000); James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999) (summary nature of state appellate court opinion does not affect standard of review), cert. denied, 528 U.S. 1143 (2000).

Following our de novo review, see Forest v. Delo, 52 F.3d 716, 721 (8th Cir. 1995), we conclude the district court correctly denied relief. The exclusion of evidence concerning the victim's prior violent acts toward Calmese's nephew, where the evidence was offered to bolster similar evidence, did not deny Calmese a fair trial. See Maggitt v. Wyrick, 533 F.2d 383, 385-86 (8th Cir.) (questions related to admissibility of evidence, including evidence concerning reasonableness of defendant's fear of victim, are matters of state law and generally do not give rise to constitutional errors redressed in habeas proceedings), cert. denied, 429 U.S. 898 (1976). In addition, the prosecutor's remarks questioning whether the victim had committed any violent acts, and whether it mattered, are not grounds for federal habeas relief. See James, 187 F.3d at 869 (§ 2254 relief should be granted only if prosecutor's closing argument was so

---

[1]The HONORABLE JEAN C. HAMILTON, Chief Judge, United States District Court for the Eastern District of Missouri.

inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared mistrial).

The ineffective-assistance argument Calmese briefed--a claim that trial counsel was ineffective--is not properly before us. <u>See</u> <u>Hunter v. Bowersox</u>, 172 F.3d 1016, 1020 (8th Cir. 1999) (appellate review limited to issues specified in COA), <u>cert. denied</u>, 528 U.S. 1140 (2000).

Accordingly, we affirm.

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.