# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2638

_____

|  |  |  |
|---|---|---|
| Charles J. Mandacina, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 7, 2001

Filed:  September 10, 2001

_____

Before WOLLMAN, Chief Judge, HEANEY and FAGG, Circuit Judges.

_____

PER CURIAM.

A jury found Charles J. Mandacina guilty of conspiracy to commit armed robbery, aiding and abetting the sale of firearms to a felon, aiding and abetting armed bank robbery, aiding and abetting the use of a firearm during a crime of violence, and supplying a firearm to a convicted felon. The evidence at trial established Mandacina sold guns to Patrick McGuire, who used them in connection with his bank robbery ring. After an unsuccessful appeal, see United States v. Crouch, 46 F.3d 871, 873 (8th Cir.), cert. denied, 516 U.S. 871 (1995), Mandacina initiated this 28 U.S.C. § 2255 motion. As relevant to this appeal, Mandacina claimed his trial counsel rendered ineffective

assistance by failing to call co-defendant McGuire as a witness. The district court denied relief, Mandacina appeals, and we affirm.

Following careful review, see Forest v. Delo, 52 F.3d 716, 721 (8th Cir. 1995), we agree with the district court that Mandacina's claim of ineffective assistance fails because counsel's decision not to call McGuire was a reasoned tactical decision. See Strickland v. Washington, 466 U.S. 668, 693-94 (1984). Mandacina acknowledges counsel's investigator interviewed McGuire and counsel advised him against calling McGuire because McGuire, a twice-convicted contract murderer who had pleaded no contest to all of the charges in the indictment, had strong personal ties to Mandacina and was vulnerable to cross-examination about uncharged acts of criminal conduct involving Mandacina. These undisputed facts show counsel's tactical decision was made after appropriate investigation and consultation. See Forest, 52 F.3d at 722 (denying ineffective-assistance claim because counsel had reasonable basis for not calling witness); Novak v. Purkett, 4 F.3d 625, 628 (8th Cir. 1993) (noting counsel's decision to refrain from calling a witness who had prior conviction and credibility problems did not constitute deficient performance).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-