RUBIN, SECRETARY OF THE TREASURY, ET AL. *v.*
UNITED STATES, ACTING THROUGH THE
INDEPENDENT COUNSEL

No. A-53 (98-93).   Decided July 17, 1998

CHIEF JUSTICE REHNQUIST, Circuit Justice.

This case is before me as Circuit Justice on the application for stay submitted by the Solicitor General, on behalf of the Secretary of the Treasury Robert E. Rubin. Because several of my colleagues are out of the country, I have decided to rule on the matter myself rather than refer it to the Conference.

An applicant for stay first must show irreparable harm if a stay is denied. In my view, the applicant has not demonstrated that denying a stay and enforcing the subpoenas pending a decision on certiorari would cause irreparable harm. The Secretary identifies two injuries that would result from denying a stay: any privileged information would be lost forever and the important interests that the "protective function privilege" protects would be destroyed. I cannot say that any harm caused by the interim enforcement of the subpoenas will be irreparable. If the Secretary's claim

of privilege is eventually upheld, disclosure of past events will not affect the President's relationship with his protectors in the future. On balance, the equities do not favor granting a stay.

An applicant for stay must also show that there is a likelihood that four Members of this Court will grant certiorari to review the decision of the Court of Appeals on the merits. This case is obviously not a run-of-the-mine dispute, pitting as it does the prosecution's need for testimony before a grand jury against claims involving the safety and protection of the President of the United States. I shall assume, without deciding, that four Members of this Court on that basis would grant certiorari.

But a stay applicant must also show that there is a likelihood that this Court, having granted certiorari and heard the case, would reverse the judgment of the Court of Appeals. The applicant simply has not made that showing to my satisfaction, and I believe my view would be shared by a majority of my colleagues. The opinion of the Court of Appeals seems to me cogent and correct. The District Court which considered the matter was also of that view, and none of the nine judges of the Court of Appeals even requested a vote on the applicant's suggestion for rehearing en banc.

The application for stay is accordingly denied.

STATEMENT SHOWING THE NUMBER OF CASES FILED, DISPOSED OF AND REMAINING ON DOCKETS AT CONCLUSION OF OCTOBER TERMS, 1995, 1996 AND 1997

| | ORIGINAL | | | PAID | | | IN FORMA PAUPERIS | | | TOTALS | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1995 | 1996 | 1997 | 1995 | 1996 | 1997 | 1995 | 1996 | 1997 | 1995 | 1996 | 1997 |
| Number of cases on dockets | 11 | 6 | 7 | 2,456 | 2,430 | 2,482 | 5,098 | 5,165 | 5,253 | 7,565 | 7,602 | 7,692 |
| Number disposed of during term | 5 | 2 | 1 | 2,081 | 2,088 | 2,106 | 4,511 | 4,606 | 4,611 | 6,597 | 6,691 | 6,718 |
| Number remaining on dockets | 6 | 5 | 6 | 375 | 347 | 326 | 587 | 559 | 642 | 968 | 907 | 974 |

| | TERMS | | |
|---|---|---|---|
| | 1995 | 1996 | 1997 |
| Cases argued during term | 90 | 90 | 96 |
| Number disposed of by full opinions | 87 | 87 | [2]98 |
| Number disposed of by per curiam opinions | 3 | 3 | 1 |
| Number set for reargument | 0 | 0 | 0 |
| Cases granted review this term | [1]106 | 88 | 90 |
| Cases reviewed and decided without oral argument | [1]120 | 83 | 51 |
| Total cases to be available for argument at outset of following term | 52 | 48 | 41 |

[1] Does not include 94–1412, denied May 30, 1995.
[2] 96–1925 and 97–288 dismissed under Rule 46.1 after argument.

JUNE 26, 1998