## BAGLEY, WARDEN *v.* BYRD

No. 01A375.   Decided November 6, 2001

JUSTICE STEVENS, Circuit Justice.

Respondent, John W. Byrd, Jr., is an Ohio death-row inmate who has exhausted his state-court remedies and who was denied relief in his first federal habeas corpus proceeding.   His application to file a second petition for a federal writ, which is supported by his allegations of actual innocence, has been denied by the District Court and a panel of the Court of Appeals for the Sixth Circuit.   However, on October 9, 2001, a majority of the active judges of the Court of Appeals entered an order remanding the case to the District Court "for the development of a factual record sufficient to permit *sua sponte* consideration of a request for leave to file a second petition for a writ of habeas corpus."   *In re Byrd,* 269 F. 3d 585, 608 (CA6 2001).   The order cites cases decided by the Second and Eighth Circuits, *Triestman* v. *United States,* 124 F. 3d 361, 367 (CA2 1997); *Krimmel* v.

*Hopkins,* 56 F. 3d 873, 874 (CA8 1995), as "[t]he jurisdictional basis for a rehearing *sua sponte.*" 269 F. 3d, at 608.

Applicant, Margaret Bagley, has filed with the Clerk of the Court a petition for certiorari questioning the jurisdiction of the en banc court to enter the remand order, and has made an application to me as Circuit Justice for a stay of the District Court proceedings pending disposition of her certiorari petition. In addition, she filed a similar stay application with the Court of Appeals, which that court has denied. While expressing confidence that the District Court will find Byrd's claim of actual innocence lacking in credibility, she argues that the procedures followed and authorized by the Court of Appeals are highly irregular. She fails, however, to demonstrate either that the hearing will cause any irreparable harm to the State of Ohio or that it will affect this Court's jurisdiction to act on her certiorari petition. See *Rubin* v. *United States,* 524 U. S. 1301 (1998) (REHNQUIST, C. J., in chambers) ("An applicant for stay first must show irreparable harm if a stay is denied"); 28 U. S. C. § 1651(a) (1994 ed.) (a stay is warranted only when "necessary or appropriate in aid of [our] jurisdictio[n]").

Because I have been advised that the hearing before the District Court has already commenced, I have decided to act on the stay application without calling for a response from the respondent. The failure to allege irreparable harm, coupled with the fact that there is no need to enter an extraordinary writ to preserve this Court's jurisdiction, persuade me that the stay application should be denied.

*It is so ordered.*