# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2794

_____

Robert W. Odem,            *

                             *

      Appellee,       *

                             *   Appeal from the United States

v.                      *   District Court for the Northern

                             *   District of Iowa.

Frank X. Hopkins, Warden, and   *

Tom Miller, Attorney General,    *

State of Iowa,              *

                             *

      Appellants.     *

_____

Submitted: June 14, 1999
Filed: September 23, 1999

_____

Before RICHARD S. ARNOLD and LOKEN, Circuit Judges, and BYRNE,[1]
    District Judge.

_____

BYRNE, District Judge.

The State of Iowa (appellant or State) appeals the district court's granting of habeas corpus relief to Robert W. Odem (appellee or Odem), ordering the State to retry or release him. Odem's petition for habeas corpus alleged that Odem's constitutional rights were violated by the State withholding exculpatory evidence and by ineffective assistance of counsel. We reverse the district court's finding that the State withheld

_____

[1]The Honorable William Matthew Byrne, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

exculpatory evidence and remand to the district court for consideration of the ineffective assistance of counsel issue.

Bill Smith and his wife Kimberly were murdered at their home the evening of December 26, 1980. The two eyewitnesses to that event were Bill Smith's children from a former marriage, Chad, age 8 and Steven, age 5, who testified that they saw a man wearing a red jacket and blue jeans come into the house. Chad at first told the police that there was some white cursive writing on the jacket with the letters "C," "R," "H," and "A," but at trial he testified that there was no lettering on the jacket. A few minutes after the boys saw the man enter the premises, they heard gunshots from their father's bedroom and in the morning they went to alert a neighbor. When the Iowa Department of Criminal Investigation (DCI) arrived, Bill and Kimberly Smith were found dead on the floor from two gunshot wounds each. The DCI found no evidence connecting Odem to the crime scene. Evidence at trial showed that on the night of the murders, Odem was wearing blue jeans and a red jacket with no writing, and that for most of the evening he had been bar hopping.

In early January 1981, at the DCI's request, Odem turned over a .22 caliber rifle that Odem's brother, Richard, owned. Odem stated that he had been in possession of the rifle since 1979 and from November to the last week of December 1980, the gun was in the back of his seldom locked car. After this period, Odem indicated that he took the gun inside his house and hung it on the wall. Ballistics tests conclusively proved that this was the weapon that killed Bill and Kimberly Smith.

Odem was convicted of murder in the first degree. He received a sentence of life without the possibility of parole. Odem appealed his conviction and the Iowa Supreme Court affirmed. Odem subsequently filed two actions for postconviction relief in the Iowa state courts in 1984 and 1987, both of which were denied.

In 1992, Odem filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. The primary basis for the petition was that Odem

claimed that the State had not disclosed to Odem's trial counsel that it was in possession of a red jacket with writing on the back that belonged to Odem's brother, inside of which the State had found a hair sample matching victim Kimberly Smith's hair. Odem claimed that this constituted an unlawful withholding of exculpatory evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The district court agreed and granted Odem relief on that basis. While on appeal, the State moved to have the record expanded in light of new evidence that showed that the information concerning the jacket had been disclosed to Odem's counsel prior to his trial, and the counsel had acknowledged its receipt. We granted the motion, and on remand with the expanded record, the district court found that the information had been disclosed to the defense in too piecemeal a manner which still amounted to a <u>Brady</u> violation. The district court did not consider Odem's ineffective assistance of counsel claim. The State appeals this ruling.

## DISCUSSION

We review the legal determinations of the district court in a habeas corpus case <u>de</u> <u>novo</u>. <u>See</u> <u>Mallett v. Bowersox</u>, 160 F.3d 456, 459 (8th Cir. 1998). Findings of fact by the district court relevant to its decision are reviewed for clear error. <u>See</u> <u>Sloan v. Delo</u>, 54 F.3d 1371, 1383 (8th Cir. 1995). However, state court determinations on the materiality of evidence are a mixed question of law and fact that are reviewed <u>de</u> <u>novo</u>. <u>See</u> <u>Reese v. Delo</u>, 94 F.3d 1177, 1183 (8th Cir. 1996). In a habeas case, the central question is whether the conviction and sentence are consistent with the dictates of the Constitution. <u>See</u> <u>Smith v. Armontrout</u>, 888 F.2d 530, 539 (8th Cir. 1989). Only those constitutional errors that have a substantial and injurious effect or influence in determining a jury's verdict warrant relief under a 28 U.S.C. § 2254 petition. <u>See</u> <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993).

### A. Procedural Bar

Before a federal court can entertain a claim in a habeas petition, that same claim

has to have been raised in the prior state court proceedings or it must be dismissed for failure to exhaust available state court remedies.  See <u>Keithly v. Hopkins</u>, 43 F.3d 1216, 1218 (8th Cir. 1995).  The exhaustion requirement is satisfied if the prisoner gave the state courts a "fair opportunity" to apply controlling legal principles to the facts that are relevant to his constitutional claim.  See <u>Picard v. Connor</u>, 404 U.S. 270, 276-77 (1971).  Thus, in addition to the recitation of all the facts necessary for the state court's evaluation of the federal claim, the petitioner has to "fairly present" the "substance" of his federal claim.  See <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982).

Appellant contends that Odem did not raise any <u>Brady</u> claim before the state courts and therefore he has not exhausted his state court remedies.  In particular, the State argues that because Odem did not mention <u>Brady</u> in his state appellate briefs, and his only argument concerning exculpatory evidence was in the context of his ineffective assistance of counsel claim, the withholding of exculpatory evidence claim is now procedurally barred.

Even though the issue of the State's turning over of exculpatory evidence is contained solely within an argument pertaining to ineffective assistance of counsel, it is clear that Odem raised both the facts and the legal argument pertaining to his <u>Brady</u> violation before the state court.[2]  There is no ambiguity

---

[2]The following is an excerpt from Odem's appellate brief in his second petition before the Iowa state courts.  This excerpt represents the entirety of his state court papers that can be construed as raising the <u>Brady</u> claim:

> Counsel's failure in the case at bar to conduct any substantial investigation in Mr. Odem's case, to make pretrial discovery requests and to request exculpatory evidence without question establishes that William Pappas neglected to perform several essential tasks which ultimately prejudiced his client's opportunity for a new trial.  But for counsel's omissions, it is indeed reasonably probable that the result of Mr. Odem's trial proceedings would have [been] different.

The county attorney's letter to Mr. Pappas of May 19, 1981 failed to

-4-

contain critical information exculpatory to Mr. Odem. As has been previously stated, the case against Odem was not strong -- there was no physical evidence linking him to the crime scene and no eyewitness identification. [Citation omitted]. The key evidence against Odem was his rifle; which was established to have been the murder weapon and the fact that the victim's young sons testified that the murderer wore a red coat. Mr. Odem was wearing a red nylon jacket with white stripes running down the sleeves and no writing on the back on the evening of the murders.

In their initial statements to authorities following the murders, Chad and Steven Smith, while unable to identify the murderer, stated that the individual wore a red jacket that had white cursive writing on the back of it. At trial, the boys testified that this was a lie on their part. When the entire prosecution file in Mr. Odem's case was presented to postconviction counsel in this case, a DCI report, . . . , was discovered which indicated that Mr. Odem's brother, Richard Odem, owned a red jacket with cursive writing on the back of it which had a head hair of Kim Smith's on it. . . .

The above information was not disclosed to defense counsel; Mr. Pappas made no requests for exculpatory evidence.

It is a violation of due process for the prosecution to suppress, mistakenly or otherwise, evidence favorable to the accused if the evidence is material. State v. Todden, 364 N.W.2d 195, 198 (Iowa 1985). In United States v. Bagley, 473 U.S. 667, 692 . . . (1985), the United States Supreme Court adopted a single test for materiality to cover the "no request," "general request," and "specific request" cases of prosecutorial failure to disclose evidence favorable to the accused:

> The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.

-5-

that the withheld evidence to which Odem refers to is the DCI report concerning Richard Odem's jacket. Equally unambiguous, is his claim that this withholding was material to the outcome of the case.

The State's contention that Odem's failure to cite <u>Brady</u> is dispositive in making this issue procedurally barred for failure to exhaust state courts remedies is incorrect. All Odem was required to do was to fairly apprize the state court of the facts and the "substance" of his federal claim. See <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982). The fact that Odem did not specifically mention <u>Brady</u> itself is immaterial because all the cases he cites to in footnote 2 are cases that involve withholding of exculpatory evidence claims and do not deal with ineffective assistance of counsel issues. An exact duplicate of Odem's state court argument is not required for exhaustion, but what Odem had to do was to give a recitation that would give the state court a "fair opportunity" to apply the relevant controlling legal principles. See <u>Picard</u>, 404 U.S. at 276-77. This Odem has done even though his briefs before the state court were not a model of clarity. Therefore his <u>Brady</u> violation claim is properly before this Court.

## B. Withholding of Exculpatory Evidence

"[S]uppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Brady</u>, 373 U.S. at 87. The disclosure has to be made whether the defense requests the evidence or not. See

---

<u>See</u> <u>also</u> <u>State v. Anderson</u>, 410 N.W.2d 231, 233-34 (Iowa 1987). Mr. Odem submits that it is reasonably probable that had a request for and disclosure of [the jacket] been made, the results of his criminal trial proceedings would have been different. Such evidence clearly would have generated reasonable doubt and, if used effectively, would have made the difference between conviction and acquittal. Prejudice to Mr. Odem by defense counsel's omissions in this regard is clear.

Joint Appendix at 63-66.

-6-

<u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

As a threshold matter, Odem argues that this Court should not consider the disclosure of the DCI report because the State only brought it into the record after the district court had already ruled on Odem's habeas petition. This argument is without merit because the State sought, and this Court granted, the right to expand the record to include the DCI report. Therefore, the DCI report is part of the record and is properly before this Court for review.

The evidence at issue consists of a red nylon jacket with the words "U Need A Car Wash" written on the back in black letters. Inside the jacket, the investigators found a hair that matched that of the victim Kimberly Smith. The jacket belonged to Odem's brother Richard. In a report dated February 27, 1981, the DCI summarized the analysis of this evidence as follows:

| | |
|---|---|
| BD | The red nylon jacket (Item BD) was examined for the presence of blood splatters or stains and none were detected. Several hairs were recovered from the inside of the jacket. |
| BD vs Z&AJ | A light colored head hair recovered from the insides of the red jacket (Item BD) was compared with the known head hair from KIMBERLY SMITH (Item AJ). Similarities were noted between the jacket (Item BD) and the known hair from KIMBERLY SMITH (Item AJ) in color diameter, length and microscopic characteristics. Based on this comparison, it is the opinion of this examiner that the hair from the red jacket (Item BD) may have originated from the same sources as the known hair (Item AJ). It should be noted that hairs lack sufficient characteristics to affect a positive identification. |
| | The known hair from WILLIAM SMITH (Item Z) was determined to be dissimilar to the hair recovered from the red jacket. (Item BD). |

Joint Appendix at 178. A second page of this DCI report references Exhibit BD as "One (1) red 'Aristo Jac' Jacket with lettering 'U NEED A CAR WASH.'" Id.

Odem's counsel's billing records indicate that he received and reviewed a copy of the DCI report before trial on April 6, 1981. Six weeks later, on May 19, 1981, the State sent Odem's counsel a 12-page letter (the letter) explaining a variety of potentially exculpatory evidence. On page 11 of this letter, the State indicated that it had seized Richard Odem's red jacket with "You Need a Car Wash" printed in black letters on the back. However, the letter did not mention that hairs that matched those belonging to victim Kimberly Smith were found inside the jacket.

The issue is therefore whether the two disclosures given six weeks apart were sufficient to comply with the dictates of Brady. We conclude that they were. Viewed as a whole, this evidence has four relevant elements: (1) it was a red jacket; (2) the jacket had writing on the back; (3) the jacket contained a head hair that matched that of one of the victims; and (4) the jacket belonged to Odem's brother Richard. When comparing the DCI report to the letter it is sufficiently clear that these two documents are referring to the same red jacket. Both documents mention the same coloring of the jacket, and more importantly, both documents describe the jacket as bearing the phrase "You (or "U") Need A Car Wash" on the back. Therefore, once Odem's counsel received the letter, he was in possession of all the possible exculpatory information pertaining to Richard Odem's red jacket.

Brady imposes no obligation on the State to reveal the exculpatory nature of the evidence being turned over but only requires complete disclosure to the defense. Brady and its progeny do not require the State to connect the two disclosures especially in circumstances such as those present here, where the connection is readily apparent. To rule otherwise would impose a duty on the prosecution to do the defense's work, and broaden Brady beyond its dictate of disclosure to include a requirement as to the manner of the disclosure.

The State complied with Brady by fully turning over to Odem's counsel prior to trial all the exculpatory documentation. Because we rule that no Brady violation took place, we need not reach the materiality issue.

## C. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel the defendant has to show (1) that counsel's actions were outside the wide range of professionally competent assistance, and (2) that this deficiency was so serious as to deprive the defendant of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Bolder v. Armontrout, 921 F.2d 1359, 1362 (8th Cir. 1990).

Odem raised ineffective assistance of counsel in addition to his Brady claim. The district court did not consider the claim that Odem's trial counsel's failure to connect the two disclosures concerning the jacket constituted ineffective assistance of counsel because it granted relief based on a Brady violation. The record before this Court, including the parties' briefs, is too scant for a proper determination of this issue and is thus remanded to the district court.

## CONCLUSION

Accordingly, we REVERSE the district court's finding of a Brady violation and the granting of Odem's habeas corpus petition. We REMAND to the district court for a determination of Odem's ineffective assistance of counsel claims.

LOKEN, Circuit Judge, concurring.

The ineffective assistance alternative ground on which we are remanding was not explicitly argued to the district court. Indeed, the State contends it was not even alleged in the district court. Based upon my review of Odem's amended petition for

a writ of habeas corpus, that may be a serious issue, particularly since any amendment to the petition at this time might arguably be successive or abusive. Moreover, even if this specific ineffective assistance issue was raised in the district court, there is the additional question whether it was rejected on the merits when the court stated in its November 19, 1998, order: "The Court is persuaded that trial counsel was unable to make, and should not reasonably have been expected to make, the connection between the red jacket seized from Odem's brother and the red jacket which bore a head hair of Kim Smith given the manner in which this information was provided." I do not reach the merits of these questions, or any other question relating to this theory of ineffective assistance, because they are better left for further consideration by the district court on remand.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-