# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2273

_____

Robert Hutchings,                              *
                                               *
                    Appellant,                 *
                                               *    Appeal from the United States
            v.                                 *    District Court for the
                                               *    Eastern District of Missouri.
U.S. Parole Commission; Calzona                *
Hall, Director of the St. Louis                *
County Justice,                                *
                                               *
                    Appellees.                 *

_____

Submitted:  December 14, 1999

Filed:  February 2, 2000

_____

Before BEAM and HEANEY, Circuit Judges, and KYLE[1], District Judge.

_____

HEANEY, Circuit Judge.

Robert Hutchings was convicted of two counts of mail fraud, one count of wire fraud, and one count of making a false statement to a bank.  As part of his sentence,

_____

[1]The Honorable Richard H. Kyle, United States District Judge, for the District of Minnesota, sitting by designation.

was ordered to pay $250,000 in restitution. Hutchings was paroled[2] three times, and each time his parole was revoked by the U.S. Parole Commission (Commission) for failure to pay restitution. Hutchings petitioned the district court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (1999), claiming that the third time the Commission revoked his parole, it lacked jurisdiction, and violated his due process rights by amending its violator's warrant without conducting a preliminary interview. The district court denied his petition, and we affirm.

## I. BACKGROUND

On December 30, 1983, Hutchings was sentenced by the U.S. District Court for the Eastern District of Missouri to fifteen years in prison for mail fraud. Nine months later, the U.S. District Court for the Southern District of New York sentenced him to a concurrent ten-year prison term for wire fraud and making a false statement to a bank. On January 10, 1986, the U.S. District Court for the Southern District of Florida sentenced Hutchings to a concurrent five-year prison term for mail fraud and ordered him to pay $250,000 in restitution.

Hutchings was first paroled on January 4, 1989, but two years later the Commission revoked his parole for failure to pay restitution. Hutchings' sentence was credited for time spent on parole. He was reparoled on March 19, 1992 on the condition that he make monthly restitution payments of $150, with a scheduled increase to $350 per month effective October 1992. The Commission again revoked his parole on May 28, 1993 and granted him credit for time spent on parole.

---

[2] We recognize that the sentencing guidelines abolished parole. However pre-guidelines prisoners, like Hutchings, remain subject to the old statutory parole provisions. See Parole Commission Phaseout Act of 1996, Pub. L. No. 104-232, §§ 1-3, 110 Stat. 3055, 3056 (1996) (extending the Commission's oversight of pre-guidelines prisoners to November 1, 2002).

Hutchings was paroled for a third time on July 6, 1995, on the condition that he make monthly restitution payments of $750. In July 1996, the Commission issued a letter reprimanding Hutchings for not paying restitution, and in 1997, it ordered that Hutchings be placed in a community corrections center for 120 days and undergo alcohol treatment.

On September 11, 1998, Hutchings' probation officer requested that the Commission issue a violator's warrant because Hutchings delinquently filed several monthly reports, failed to submit a report for July 1998, had been unemployed since December 1997, was not seeking employment, and had not made a monthly restitution payment since July 23, 1997. The Commission issued the warrant, charging Hutchings with: (1) violating the special condition on restitution, (2) failing to maintain regular employment, and (3) failing to submit supervision reports. Hutchings was arrested on October 5, 1998.

The Commission held a preliminary interview on October 7, 1998 to determine whether there was probable cause to support the alleged violations. Approximately one month after the preliminary interview, the Commission amended the first charge from violating the restitution order to willful failure to pay restitution. No preliminary interview was held on the amended charge, but based on the facts gathered during the October 7 interview, a parole commissioner concluded that probable cause existed to support the willful failure to pay restitution charge.

The Commission held a parole revocation hearing on January 19, 1999, and it revoked Hutchings' parole for willful failure to pay restitution. In addition, Hutchings lost credit on his sentence for the time the Commission found he willfully violated his parole.

Hutchings petitioned the district court for habeas corpus relief on the grounds that the Commission lacked jurisdiction to conduct the revocation hearing, violated his

3–

due process rights by failing to conduct a preliminary interview on the willful failure to pay restitution charge, and failed to timely conduct his revocation hearing. The district court denied habeas relief. Hutchings appeals.

## II. DISCUSSION

Hutchings raises two issues on appeal: (1) that the Commission lacked jurisdiction to revoke his parole, and (2) that the Commission violated his due process rights. Although we do not have jurisdiction to review the Commission's substantive decisions, we will review such decisions to determine whether the Commission exceeded its statutory limits. See Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1183 (8th Cir. 1990). Whether the Commission had jurisdiction to revoke Hutchings' parole and whether the Commission's proceedings violated Hutchings' due process rights are questions of law, and we therefore review de novo. See Odem v. Hopkins, 192 F.3d 772, 774 (8th Cir. 1999).

Because the jurisdictional issue depends on whether Hutchings' due process rights were violated, we address the latter issue first.

### A. Due Process

Hutchings argues that the Commission violated his due process rights by failing to conduct a preliminary interview on the amended charge of willful failure to pay restitution. An alleged parole violator must have the opportunity for a preliminary interview "to determine if there is probable cause to believe that he has violated a condition of his parole." 18 U.S.C. § 4214(a)(1)(A) (1999). However, "technical and nonprejudicial variances in parole revocation proceedings do not rise to constitutional violations." Perry v. U.S. Parole Comm'n, 831 F.2d 811, 813 (8th Cir. 1987), cert. denied, 485 U.S. 963 (1988).

4–

Although the Commission did not conduct a preliminary interview on the amended charge, as required by § 4214(a)(1)(A), its failure to do so was a technical and nonprejudicial variance in the proceedings, and Hutchings' due process rights were not violated. First, Hutchings had the opportunity at the preliminary interview to present evidence on the failure to pay restitution charge. Although the willfulness of Hutchings' failure to pay restitution was not at issue, the basic facts involved in the charge were. From these facts, a parole commissioner concluded that probable cause existed to support the amended charge.

Second, Hutchings has failed to show that he was prejudiced. In <u>Bearden v. Georgia</u>, the Supreme Court stated:

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or <u>failed to make sufficient bona fide efforts legally to acquire the resources to pay</u>, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority.

461 U.S. 660, 672 (1982) (emphasis added).

The evidence presented at the parole revocation hearing demonstrates that Hutchings failed to make a good faith effort to seek employment. The Commission found that Hutchings did not make a legitimate effort to maintain regular employment. Despite his parole officer's repeated requests, Hutchings never provided any proof that he was actively seeking legitimate employment. Hutchings continuously told his parole officer that he was close to getting a job or closing a complex financial deal. Yet he never could provide substantive information to that effect, and none of the purported financial deals came to fruition. Finally, Hutchings has not made even a minimal restitution payment since July 23, 1997. Because the evidence demonstrates Hutchings failed to make a good faith effort to seek employment, the Commission's failure to

conduct a preliminary interview on the willful failure to pay restitution charge was a technical and nonprejudicial variance in the parole revocation proceedings.

## B.  Jurisdiction

Hutchings also claims that the Commission lacked jurisdiction to conduct the parole revocation hearing because the maximum term of his sentence was to expire January 4, 1999.  Under 18 U.S.C. § 4210(b) (1999), the Commission has jurisdiction over a parolee until the maximum term or terms for which he is sentenced expires. However, jurisdiction may be extended where the parolee has "intentionally refused or failed to respond to any reasonable request, order, summons, or warrant of the Commission."  See § 4210(c).

The Commission concluded that Hutchings willfully violated his restitution order. Thus, under § 4210(c), the Commission's jurisdiction extended for the period during which Hutchings' was in willful violation.  Because Hutchings failed to comply with his restitution order from July 1997 until his parole was revoked on January 19, 1999, the Commission maintained jurisdiction over Hutchings for that period.

## III.  CONCLUSION

We affirm the district court's rulings that the Commission had jurisdiction to conduct Hutchings' parole revocation hearing and that Hutchings' due process rights were not violated when the Commission amended its warrant without conducting a preliminary interview on the amended charge.  Thus, Hutchings' petition for a writ of habeas corpus was properly denied.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.