# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4144

_____

| | |
|---|---|
| James A. Burr, | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of North Dakota. |
| Leo Snider, Sheriff of Morton | * |
| County, North Dakota, | * |
| | * |
| Appellee. | * |

_____

Submitted: October 20, 2000

Filed: December 14, 2000

_____

Before WOLLMAN, Chief Judge, BEAM, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

James Burr, a convicted sex offender, pleaded guilty to violating North Dakota's sex offender registration statute after he moved to a new address without notifying the police. *See* N.D. Cent. Code § 12.1-32-15(3). Mr. Burr appealed his conviction to the North Dakota Supreme Court, but he failed to obtain relief. *See State v. Burr*, 598 N.W.2d 147 (N.D. 1999). He then petitioned for habeas corpus review in federal

district court,[1] arguing that North Dakota's sex offender registration statute violated the prohibition against *ex post facto* punishment for crimes. The district court denied Mr. Burr's petition and we affirm.

## I.

North Dakota's sex offender registration statute requires previously convicted sex offenders, such as Mr. Burr, to register their address with the police and provide notification whenever they move to a new address. *See* N.D. Cent. Code § 12.1-32-15(3). Mr. Burr maintains that this statute constitutes an *ex post facto* violation; he argues that by requiring him to register, North Dakota is imposing an additional punishment on him for his original conviction.

Mr. Burr's argument rests on art. I, § 10, cl. 1, of the Constitution, which provides that "[n]o State shall ... pass any ... ex post facto Law." Although the term "*ex post facto*" literally describes any law passed "after the fact," it is well established that this provision applies only to criminal punishments. *See Collins v. Youngblood*, 497 U.S. 37, 41 (1990). A law violates the *ex post facto* prohibition if it applies to events occurring before its enactment and causes an offender affected by it to suffer a disadvantage, either by altering the definition of particular criminal conduct or by increasing the punishment for the crime. *See id.* at 50; *see also Weaver v. Graham*, 450 U.S. 24, 29 (1981).

The North Dakota Supreme Court rejected Mr. Burr's argument because it concluded that the registration statute was not punitive, even though it had a retrospective effect. *See Burr*, 598 N.W.2d at 159. We hold that this decision is neither "contrary to," nor "an unreasonable application of, clearly established Federal

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

law, as determined by the Supreme Court of the United States," *see* 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 120 S. Ct. 1495, 1519-23 (2000).

In reaching its decision, the North Dakota Supreme Court began with an examination of the legislative history of the registration statute. *See Burr*, 598 N.W.2d at 152-53. It found no evidence that the legislature sought to increase the penalty for sex crimes or intended to use registration as a punishment. *See id.* at 153. The North Dakota Supreme Court then proceeded to determine whether the registration statute was punitive in its actual effect. *See id.* at 153-59. For this analysis, *see id.*, it relied on the holding of the Supreme Court of the United States in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 169 (1963).

*Mendoza-Martinez* identifies seven considerations that serve as guideposts for deciding whether a law is punitive. These considerations are: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as punishment; (3) whether it comes into play only on a finding of *scienter*; (4) whether its operation will promote the traditional aims of punishment, which are retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable to it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *See id.* at 168-69. The North Dakota Supreme Court considered these matters in relation to the registration statute and held that the law was not punitive. *See Burr*, 598 N.W.2d at 158-59. It observed that a requirement to register did not impose on Mr. Burr any affirmative disability or restraint. *See id.* at 154. It also noted that this requirement did not fit within any traditional notion of what was punishment. *See id.* Finally, the North Dakota Supreme Court ruled that the registration statute furthered a "legitimate," *see id.* at 159, public interest of protecting communities from sexual predators and was not excessive in the context of its "important," *see id.* at 156, purpose.

We believe that the North Dakota Supreme Court applied the appropriate legal standard in this case, and we cannot say that its decision was unreasonable in light of any clearly established legal principle as determined by the Supreme Court of the United States. We note, as Mr. Burr concedes in his brief, that "there is no single bright-line test for what constitutes punishment," and that an application of *Mendoza-Martinez* usually involves a certain degree of judicial discretion: Some of the considerations identified in that case may be more or less dispositive than others. *See Hudson v. United States*, 522 U.S. 93, 101 (1997). Courts are free, moreover, to weigh additional considerations beyond those identified in *Mendoza-Martinez*. *See United States v. Ward*, 448 U.S. 242, 249 (1980). We also point out that the Supreme Court of the United States has never addressed in its cases the question of whether sex offenders may be required to register after they have been convicted. Because the North Dakota Supreme Court's determination was not unreasonable, we affirm this aspect of the district court's rulings.

## II.

Mr. Burr also argues in his petition for habeas corpus review that North Dakota's sex offender registration statute violates the prohibition against *ex post facto* punishment because it allows for the possibility that the police will disseminate information about registered convicts to the general public. *See* N.D. Cent. Code § 12.1-32-15(11). He contends that such disclosures would deprive him of his rights to liberty and due process. Mr. Burr pressed this same argument in his state appeal, but the North Dakota Supreme Court declined to rule on it, finding, instead, that the issue was defaulted because Mr. Burr had failed to preserve it properly for appeal. *See Burr*, 598 N.W.2d at 157.

We must likewise decline Mr. Burr's request that we review the community notification provision of the registration statute. "When reviewing a federal habeas corpus petition, we can usually only consider 'those claims which the petitioner has presented to the state court in accordance with state procedural rules,' " *Abdullah v.*

*Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (*en banc*), *cert. denied*, 517 U.S. 1215 (1996), quoting *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992). We will not consider, as a general rule, any issue that a state court has held to be defaulted on the basis of an adequate and independent state ground. *See Murray v. Carrier*, 477 U.S. 478, 485-87 (1986); *see also Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir. 1994). In this case, Mr. Burr was unable to convince the North Dakota Supreme Court to consider his argument on community notification because the court deemed the issue defaulted under its well established rules. *See State v. Kraft*, 539 N.W.2d 56, 58 (N.D. 1995); *State v. Slapnicka*, 376 N.W.2d 33, 35 (N.D. 1985). Because the state court's ruling that the matter was defaulted is binding on us, we do not consider the merits of Mr. Burr's argument with respect to community notification and the consequent dissemination of information about him.

### III.

For the reasons indicated, we affirm the judgment of the district court.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.