# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2117

_____

David Rem,                                              *
                                                       *
                    Appellant,        *    Appeal from the United States
                                      *    District Court for the District
           v.                         *    of Minnesota.
                                      *
United States Bureau of Prisons,      *        [PUBLISHED]
                                      *
                    Appellee.         *

_____

Submitted:   February 10, 2003

Filed:   February 18, 2003

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In 1991, David Rem pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 151 months in prison to be followed by five years of supervised release. Near the end of his prison sentence, Rem completed a substance abuse treatment program that qualified him for early release under 18 U.S.C. § 3621(e)(2)(B). In October 2000, Rem brought a declaratory judgment action asserting he should not be subject to 18 U.S.C. § 4042(b) (enacted in 1994), which requires that state and local law enforcement be notified in writing of the release of a person convicted of a drug trafficking crime or a crime of violence. Rem argued Congress did not intend to apply § 4042(b) to a prisoner who

qualifies for early release, his conviction did not fall under the statute, and the notification requirement is unconstitutional. In March 2001, the district court[*] granted summary judgment to the Bureau of Prisons (BOP), holding the notification requirement applied to Rem and was not unconstitutional. Rem was released to supervision in May 2001 and the BOP notified state and local law enforcement agencies as required by § 4042(b). Rem appeals the denial of declaratory relief, and we affirm.

Section 4042(b)(1) provides:

> At least 5 days prior to the date on which a prisoner described in paragraph (3) is to be released on supervised release, or, in the case of a prisoner on supervised release, at least 5 days prior to the date on which the prisoner changes residence to a new jurisdiction, written notice of the release or change of residence shall be provided to the chief law enforcement officer of the State and of the local jurisdiction in which the prisoner will reside. Notice prior to release shall be provided by the Director of the Bureau of Prisons. Notice concerning a change of residence following release shall be provided by the probation officer responsible for the supervision of the released prisoner . . . .

The notice must disclose the prisoner's name, criminal history, and any restrictions on conduct or other conditions to release. Id. § 4042(b)(2).

The BOP initially argues Rem's appeal is moot because notification was issued when Rem was released to supervision. Because § 4042(b) requires the issuance of notice both when prisoners are released from prison to supervised release and when former prisoners on supervised release change residence to a new jurisdiction, we

---

[*]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

conclude Rem's appeal is not moot. Rem remains subject to the statute during the remainder of his supervised release, so we have jurisdiction to consider his appeal.

Rem first asserts prisoners who are granted early release under 18 U.S.C. § 3621 and who have not been convicted of a crime involving a firearm are not subject to § 4042(b). We disagree. We need not delve into statutory construction as Rem asserts because the statute's plain, unambiguous language applies to drug traffickers like Rem. Dowd v. United Steelworkers of America, 253 F.3d 1093, 1099 (8th Cir. 2001). According to § 4042(b)(1), the notice requirement applies to prisoners described in § 4042(b)(3), which describes prisoners convicted of either a drug trafficking crime as defined in § 924(c)(2) or a crime of violence as defined in § 924(c)(3). Id. § 4042(b)(3). Section 924(c)(2) defines a drug trafficking crime as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." Rem was convicted of a felony punishable under the Controlled Substances Act, 21 U.S.C. § 841. Section 4042(b) contains no statutory exception for offenders eligible for early release, for nonviolent drug trafficking offenses, or for drug trafficking offenses that do not involve a firearm. Contrary to Rem's assertion, Congress's use of the definition of drug trafficking crimes in § 924, part of the chapter on crimes involving firearms, does not mean the drug trafficking offense must involve a firearm for the purposes of § 4042(b).

Rem next contends § 4042(b) violates procedural due process. To state a due process claim, Rem must have a legal entitlement, right, or liberty interest protected under state or federal law. Peck v. Hoff, 660 F.2d 371, 373 (8th Cir. 1981) (per curiam). Rem's due process claim fails because he has no protected liberty interest in his reputation alone or in his classification as a drug trafficker. See Cutshall v. Sundquist, 193 F.3d 466, 481-82 (6th Cir. 1999) (rejecting due process challenge to Tenn. Sex Offender Registration Act); Russell v. Gregoire, 124 F.3d 1079, 1094 (9th Cir. 1997) (same for Wash. Community Protection Act). Unlike the situation in cases cited by Rem, there is no registration requirement in the federal law. See Doe v.

<u>Dep't of Pub. Safety</u>, 271 F.3d 38, 43, 56 (2d Cir. 2001) (law required sex offender to verify address every ninety days, notify state of address changes or travel plans, and provide blood samples). Notification alone does not constitute a change in legal status that implicates a liberty interest.

Rem also asserts § 4042(b) violates the Ex Post Facto Clause. The Clause prohibits legislative acts that retroactively alter the definition of criminal conduct or increase the punishment for criminal acts. <u>Burr v. Snider</u>, 234 F.3d 1052, 1054 (8th Cir. 2000). Rem implies that notification increases the criminal punishment for his offense. To decide whether a statute imposes punishment, we first consider whether the purpose of the statute is punitive. If not, then we inquire whether the statute's effect is punitive. <u>Kennedy v. Mendoza-Martinez</u>, 372 U.S. 144, 168-69 (1963).

We conclude neither the purpose nor the effect of § 4042(b) is punitive. Our conclusion is consistent with decisions uniformly upholding state sex offender registration laws when challenged as punitive under the Ex Post Facto Clause. <u>See</u> <u>Moore v. Avoyelles Corr. Ctr.</u>, 253 F.3d 870, 872-73 (5th Cir. 2001) (La.); <u>Burr</u>, 234 F.3d at 1054-55 (N.D.); <u>Femedeer v. Haun</u>, 227 F.3d 1244, 1248-53 (10th Cir. 2000) (Ut.); <u>Cutshall</u>, 193 F.3d at 477 (Tenn.); <u>Doe v. Pataki</u>, 120 F.3d 1263, 1284 ( 2d Cir. 1997) (N.Y.); <u>Roe v. Office of Adult Prob.</u>, 125 F.3d 47, 55 (2d Cir. 1997) (Conn.); <u>Russell</u>, 124 F.3d at 1093 (Wa.). Congress intended § 4042(b) to serve a regulatory purpose in notifying local law enforcement of the release of drug traffickers into the community. The statute does not affirmatively restrain the offender. <u>See</u> <u>Femedeer</u>, 227 F.3d at 1250; <u>Russell</u>, 124 F.3d at 1092. Notification has a legitimate nonpunitive purpose, <u>see</u> <u>Cutshall</u>, 193 F.3d at 475, and § 4042 is not excessive in relation to that purpose. In sum, because § 4042(b) was enacted to protect the public, and is reasonably related to the nonpunitive purposes of public safety and crime prevention, the Ex Post Facto Clause is not implicated.

Rem last contends § 4042(b) violates the Equal Protection Clause, which provides that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). This claims fails as well. Unless § 4042(b) trammels fundamental personal rights or involves a suspect class, the statute need only be rationally related to a legitimate governmental goal. Higgins v. Carpenter, 258 F.3d 797, 799 (8th Cir. 2001) (per curiam). Convicted drug traffickers are not a suspect class, see id., and no fundamental personal right is involved. Thus, we apply rational basis review and conclude § 4042(b) is rationally related to the government's interest in preventing future drug trafficking crimes and protecting public safety. Rem's reliance on Zacher v. Tippy, 202 F.3d 1039 (8th Cir. 2000) is misplaced because the warden in that case conceded, for unapparent reasons, that § 4042(b) did not apply to the prisoner.

Having concluded we have jurisdiction to consider the appeal, § 4042(b) applies to Rem, and the statute passes constitutional muster, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-