# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3617

_____

Brian Gunderson,

        Appellant,

v.

Sheryl Ramstad Hvass, individually
and as the Commissioner for the
Minnesota Department of Corrections,

        Appellee.

\* Appeal from the United States
\* District Court for the
\* District of Minnesota.

_____

Submitted: June 9, 2003

Filed: August 6, 2003

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Brian Gunderson appeals the district court's[1] grant of summary judgment dismissing his 42 U.S.C. § 1983 claim against the Commissioner for the Minnesota Department of Corrections. We affirm.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

# I

On March 31, 1998, Mr. Gunderson gave a ride home to a woman he met in a bar. Two days later, Gunderson was charged with first degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(e)(1). The woman alleged

> upon arrival at her residence Gunderson asked if he could come in. She stated that she allowed Gunderson into her residence and upon entering the residence she told Gunderson that she wanted to go to sleep and he then attacked her. She stated that Gunderson began punching her in the head. She stated that Gunderson then took off her pants and she tried to struggle with Gunderson but he continued punching her and holding her arms. She stated that he then forcibly had sexual intercourse with her and did ejaculate inside her vagina.

Criminal Complaint for St. Louis County, File # K7-98-100480l; District Court Docket # 16, Exhibit A.

Gunderson denied any type of sexual misconduct, but admitted he and the victim had a physical altercation on the night in question. Forensic tests performed on a sexual assault kit containing biological samples collected from the victim supported Gunderson's version of the events. Specifically, the Minnesota Bureau of Criminal Apprehension (BCA) laboratory reports indicated "[e]xaminations of the [victim's] vaginal swabs . . . did not detect the presence of semen." District Court Docket # 20, Exhibit B. In addition, none of Gunderson's pubic hairs were found in samples collected from the victim's pubic region. Id.

After the BCA's report was prepared, Gunderson's attorney negotiated a plea agreement under which the original complaint charging Gunderson with a sex offense was dismissed in its entirety, and Gunderson pleaded guilty to a new complaint charging him with third degree assault in violation of Minn Stat. § 609.223. On August 17, 1998, Gunderson received three years of probation with a stayed sentence

of fifteen months imprisonment.  Less than a year later, Gunderson violated his probation and was committed to the custody of the Minnesota Department of Corrections.  While in custody, he was told he would have to register under Minnesota's predatory offender registration statute, notwithstanding the fact he had never been convicted of a crime triggering predatory status.[2]  The statute requires registration of those convicted of a non-predatory offense "arising out of the same set of circumstances" as a predatory offense.  Minn. Stat. § 243.166, subd. 1(a)(1).

After complying with the registration requirements, Gunderson filed this suit against the Commissioner for the Minnesota Department of Corrections.  Gunderson claimed he should not have to register because the original sexual assault charge against him had been dismissed, and the subsequent complaint to which he pleaded guilty did not charge a crime covered by the registration statute.  Gunderson further contended the statute violates his constitutional rights if it requires him to register as a predatory offender even though he has never been convicted of a predatory offense.

The parties filed cross-motions for summary judgment and the case was referred to a federal magistrate judge.[3]  The magistrate judge issued a well-reasoned 42-page report to the district court, recommending the Commissioner's motion for summary judgment be granted.   The district court adopted the magistrate's recommendation, concluding Gunderson's conviction for a non-sexual assault met the criteria for registration under Minn. Stat. § 243.166, and the statute did not violate Gunderson's constitutional rights.  Gunderson v. Hvass, No. Civ. 01-646, 2002 WL 31163049, at *1-2 (D. Minn. Sept. 27, 2002).  This timely appeal followed.

---

[2]The predatory offender registration statute does not list a violation of Minn. Stat. § 609.223 as one which requires registration, but does refer to "criminal sexual conduct under section 609.342." Minn. Stat. § 243.166, subd. 1(a)(1)(iii).

[3]The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

II

Gunderson contends he is not required to register under Minn. Stat. § 243.166. Reviewing the statutory language de novo, American Simmental Ass'n v. Coregis Ins. Co., 282 F.3d 582, 591 (8th Cir. 2002), we disagree. The statute clearly provides a "person shall register under this section if . . . the person was charged with . . . and convicted of [criminal sexual conduct under section 609.342] or another offense arising out of the same set of circumstances." In Boutin v. LeFleur, 591 N.W.2d 711 (Minn. 1999), the Minnesota Supreme Court interpreted the "arising out of the same set of circumstances" phrase as requiring the registration of a person convicted of a non-sexual or non-predatory offense so long as the person "was convicted of another offense which arose out of the same set of circumstances as the charged predatory offense." Id. at 716.

Boutin addressed a conviction for a non-predatory offense charged in the same complaint as a predatory offense; Gunderson contends his situation is different because his conviction arose from a complaint charging only a non-predatory offense. We beg to differ. The statute does not require the non-predatory offense to be charged in the same complaint as a predatory offense, only that the conviction arise from the same set of circumstances. Notwithstanding Gunderson's arguments to the contrary, his conviction for third degree assault clearly arose from the same set of circumstances as the original charge for criminal sexual conduct. We agree with the reasoning in Boutin, and conclude it controls in this case.

Gunderson also contends the statute violates the Constitution if it requires registration of a person convicted of a non-predatory offense that arises from the same set of circumstances as a dismissed predatory offense. Gunderson claims a violation of both his substantive and procedural due process rights. We review these claims de novo. Hutchings v. United States Parole Comm'n, 201 F.3d 1006, 1009 (8th Cir. 2000).

To address Gunderson's substantive due process claim, we must determine whether the registration statute implicates a fundamental right. If the statute implicates a fundamental right, the state must show a legitimate and compelling governmental interest for interfering with that right. E.g., Graham v. Richardson, 403 U.S. 365, 376 (1971). If the statute does not implicate a fundamental right, we apply a less exacting standard of review under which the statute will stand as long as it is rationally related to a legitimate governmental purpose. E.g., City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 446 (1985).

Gunderson argues the statute infringes upon a fundamental right, the presumption of innocence. See e.g., State v. Edwards, 130 N.W.2d 623, 626 (Minn. 1964) ("[S]uch fundamental rights as presumption of innocence and proof beyond a reasonable doubt, which, though not expressly enumerated in the constitution, are as much a part thereof as though expressly set out"). The presumption of innocence is only implicated by a statute that is punitive or criminal in nature, however, not a regulatory law. The Minnesota Supreme Court has already concluded Minn. Stat. § 243.166 is nonpunitive in nature. Boutin, 591 N.W.2d at 717. Previous decisions of this court also indicate such a statute is nonpunitive in nature. See Burr v. Snider, 234 F.3d 1052, 1054 (8th Cir. 2000) (upholding, in habeas context, North Dakota Supreme Court's determination that sex offender registration statute was nonpunitive); cf. Rem v. United States Bureau of Prisons, 320 F.3d 791, 794 (8th Cir. 2003) (holding 18 U.S.C. § 4042(b), a drug offender notification-of-release statute, to be nonpunitive in nature because it was enacted for the purposes of public safety and crime prevention). Indeed, the United States Supreme Court addressed a similar state statute and reached the same conclusion about it. See Smith v. Doe, 538 U.S. ___, 123 S.Ct. 1140, 1149 (2003) (holding Alaska's sex offender registration statute to be civil and nonpunitive in nature). After considering these decisions, we must conclude Minnesota's predatory offender registration statute is nonpunitive in nature.

Since a fundamental right is not implicated, Minnesota need only show the statute's registration requirements are rationally related to a legitimate governmental purpose. The statute satisfies that standard. As the magistrate judge noted in the report and recommendation:

> Given the realities of the plea bargaining system, by extending the registration requirements to persons who are charged with a predatory offense, but who plead guilty to a non-predatory charge that arises from the same circumstances, the Minnesota legislature was attempting to insure the inclusion in the registration rolls, of all predatory offenders, including those who take advantage of favorable plea agreements. The fact that such a registration policy may, in fact, require the inclusion of persons who are not predators, is not a fatal Constitutional defect, since the legislative purpose need only be reasonably related to the State's interest, and here that legislative purpose is.

Add. at 26; see also Boutin, 591 N.W.2d at 718 (concluding that keeping a list of such offenders is rationally related to the legitimate state interest of solving crimes); Valdez v. Rosenbaum, 302 F.3d 1039, 1046 (9th Cir. 2002) ("A reasonable relationship between the governmental interest and the challenged restriction does not require an exact fit, nor does it require showing a least restrictive alternative.") (internal quotations and citations omitted). Since the statute is rationally related to a legitimate government purpose, Gunderson's substantive due process claim fails. See Klein v. McGowan, 198 F.3d 705, 710 (8th Cir. 1999) ("To meet his burden [of establishing a substantive due process violation] a § 1983 plaintiff must demonstrate that the government action complained of is truly irrational, that is something more than arbitrary, capricious, or in violation of state law.") (internal quotations and citation omitted).

Finally, Gunderson claims the statute violates his procedural due process rights. He claims his reputation has been injured by requiring him to register as a predatory offender even though he has not been convicted of a predatory offense.

-6-

Damage to reputation alone, however, is not sufficient to invoke the procedural protections of the due process clause. Paul v. Davis, 424 U.S. 693, 701 (1976). The loss of reputation must be coupled with some other tangible element to rise to the level of a protectible property interest. Id. Sometimes this is referred to as the "stigma plus" test. E.g., Pollock v. Baxter Manor Nursing Home, 706 F.2d 236, 241 (8th Cir. 1983) (McMillian, J., dissenting).

Relying upon Doe v. Dep't of Pub. Safety, 271 F.3d 38 (2d Cir. 2001), a case addressing Connecticut's sex offender registration statute, Gunderson contends he satisfies the "stigma plus" test. Doe concluded the Connecticut statute violated a registrant's procedural due process rights under the "stigma plus" test because the registry was disseminated to the general public via the Internet, and allegedly implied persons on the registry were currently dangerous. See Doe, 271 F.3d at 57-59.

There are two problems with Gunderson's argument. First, unlike Connecticut's statute, § 243.166 does not provide for the public dissemination of Gunderson's registration. Gunderson's registration is considered "private data" under Minnesota's Data Privacy Act, Minn. Stat. § 13.02, subd. 12, and "may be used only for law enforcement purposes." Minn. Stat. § 243.166, subd. 7. Second, after the parties briefed this case, Doe was reversed by the Supreme Court, Conn. Dep't of Pub. Safety v. Doe, 538 U.S. ___, 123 S.Ct. 1160 (2003), eviscerating any persuasive value the Second Circuit opinion may have had as applied to this case.

Gunderson also contends the burdens of complying with the registration requirements satisfy the "plus" part of the "stigma plus" test. We disagree. The burden imposed upon Gunderson is a minimal one. The initial registration process requires Gunderson to provide his fingerprints, a photograph, and information regarding his whereabouts (residences, places of employment, make and model of vehicle). Minn. Stat. § 243.166, subds. 4 & 4a. After that, Gunderson's only ongoing obligation is to update his address information. Id. at subd. 3(b). "Such a

-7-

requirement is a minimal burden and is clearly not the sufficiently important interest the 'stigma-plus' test requires." Boutin, 591 N.W.2d at 718. Since Gunderson has not identified a tangible, protectible property interest, his procedural due process claim must fail as well.

## III

We acknowledge the statute may lead to unfair results in some cases. We note, for example, the statute would require registration of a person accused of both a predatory offense and a non-predatory offense arising out of the same set of circumstances who exercised his right to a trial and was acquitted of the predatory offense but convicted of the non-predatory one. Nonetheless, such a conviction is one the Minnesota legislature intended to trigger the statute's registration requirements, as does Gunderson's. While perhaps unfair, under the precedents we must apply, we discern no constitutional impediment to the legislature's decision.

We therefore affirm the district court.

BEAM, Circuit Judge, concurring separately.

Under the circumstances of this case, that is, that the police investigation clearly established a lack of sexual contact between Mr. Gunderson and the complaining woman, Minnesota Statute § 243.166, subd. 1(a)(1) and the Minnesota Supreme Court's interpretation of the statute in Boutin v. LeFleur, 591 N.W.2d 711 (Minn. 1999), turn reason and fairness on its head. Nonetheless, I agree with the Court that there is no Fourteenth Amendment violation established by Mr. Gunderson. Accordingly, I concur.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.