# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4406

_____

| | | |
|---|---|---|
| Jim Brown, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| James Simmons, individually and in | * | |
| his Official Capacity as Superintendent | * | |
| of the Conway Public School District, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 15, 2007
Filed: February 23, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

Jim Brown (Brown), a teacher, filed a complaint alleging James Simmons, the superintendent of the Conway (Arkansas) Public School District, infringed Brown's procedural due process rights by denying Brown a name-clearing hearing after Brown was stigmatized by defamatory statements made by other school officials. In other

words, Brown filed a "stigma plus" claim.[1]  The district court[2] dismissed Brown's complaint for failing to state a claim upon which relief can be granted.  We affirm.

We review de novo the dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6).  Botten v. Shorma, 440 F.3d 979, 980 (8th Cir. 2006).  We accept all factual allegations in the complaint as true and grant every reasonable inference in favor of the nonmovant.  Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1060 (8th Cir.), cert. denied, 126 S. Ct. 2969 (2006).  To state a claim upon which relief can be granted, each element of the claim must be pled in the complaint.  See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346-47 (2005); Penn v. Iowa State Bd. of Regents, 999 F.2d 305, 307 (8th Cir. 1993).

Defaming a governmental employee's reputation, good name, honor, or integrity in connection with terminating the employee, without giving the employee a name-clearing hearing, is a deprivation of the employee's constitutionally protected liberty interest.  Winskowski v. City of Stephen, 442 F.3d 1107, 1109-10 (8th Cir.), cert. denied, 127 S. Ct. 435 (2006); see Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972).  To state a "stigma plus" claim, the employee must allege: (1) an official made a defamatory statement that resulted in a stigma; (2) the defamatory statement occurred during the course of terminating the employee; (3) the defamatory statement was made public, Mascho v. Gee, 24 F.3d 1037, 1039 (8th Cir. 1994); and (4) an alteration or extinguishment of a right or legal status, Paul v. Davis, 424 U.S. 693, 711 (1976).

---

[1]See Gunderson v. Hvass, 339 F.3d 639, 644 (8th Cir. 2003).

[2]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Here, Brown's complaint failed to allege any alteration or extinguishment of a right or legal status.[3] Because Brown did not allege each element of his "stigma plus" claim, Brown failed to state a claim upon which relief can be granted. See Dura Pharm., 544 U.S. at 346-47; Penn, 999 F.2d at 307. Injury to a person's reputation alone is not sufficient to trigger the procedural protections of the due process clause. Paul, 424 U.S. at 701-02, 706, 709-10; Gunderson v. Hvass, 339 F.3d 639, 644 (8th Cir. 2003).

Therefore, we affirm the district court's dismissal of Brown's complaint.

_____

[3]In Brown's response to the motion to dismiss, Brown alleged he had been transferred and lost pay. The district court concluded Brown's allegations, "even if accepted, are insufficient to trigger the protection of the due process clause." See generally Hughes v. Whitmer, 714 F.2d 1407, 1417 (8th Cir. 1983) (stating "the constitution does not require the government to give to its stigmatized employee a hearing if the public employee remains a public employee" and holding "the internal transfer of an employee, unless [the transfer] constitutes such a change of status as to be regarded essentially as a loss of employment, does not . . . give rise to a liberty interest meriting protection under the due process clause" (quotation omitted)). The district court's alternative holding, which considered matters outside of the pleadings, did not convert the motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(b); Casazza v. Kiser, 313 F.3d 414, 417-18 (8th Cir. 2002) ("[A] district court does not convert a motion to dismiss into a motion for summary judgment . . . when the district court makes clear that it ruled only on the motion to dismiss." (citations omitted)).